Sherwood L. Bestry, J.
The defendants herein are each charged with a violation of subdivision 2 of section 220 of the Labor Law (unlawfully permitting and requiring employees to work more than eight hours in one calendar day).
Defendants move to dismiss the accusatory instruments on the various grounds hereinafter set forth.
The defendant “Firelands” is a foreign corporation which successfully bid and obtained a contract with the Town Board of the Town of Amherst, acting as commissioners for several sanitary sewer districts, within the Town of Amherst, for the construction of various segments and parts of an extremely large sewer project, which when completed will have cost approximately $138,000,000.
Defendant Charles H. Au is President, defendant Roger C. Au is Vice President, and defendant Mason Wheeler is supervisor of defendant Firelands.
The complaining witness is Leo A. Hopkins, a labor union leader who is not a resident of the Town of Amherst.
Firelands is a non-union contractor.
It is a matter of public knowledge that the various local labor unions are less than happy about a non-union contractor, a foreign corporation, having obtained the lucrative contracts.
It is further common knowledge that the various local labor unions have publicly complained about “Firelands” causing its employees to work more than eight hours in any calendar day.
The Town of Amherst is located in Erie County, in that portion of Western New York where the unemployment rate is in excess of 14% — twice the present national unemployment rate.
It is publicly contended by the various labor unions that by having its employees work overtime, Firelands is avoiding the hiring of additional employees, thereby contributing to unemployment.
*572 The following grounds are set forth in the notice of motion to dismiss: "(1) Jurisdiction in this matter lies with an administrative agency (2) The administrative remedies have not been exhausted (3) The complaint is insufficient on its face (4) The complainant lacks standing to file a complaint.”
"The defendants further move to transfer venue of this matter to another court.”
The moving affidavit alleges the following paragraph only to justify the change of venue. "Twentieth: Since the work being performed in the Town, pursuant to a contract with the Town, the lawsuits which have resulted in which the Town was a party, the open political discussions regarding Firelands and the question of hours of work, it is submitted that it would be in the interests of justice to change the venue of this action.”
Political discussions don’t concern this court. Rules of law do. Therefore this court summarily denies the motion for a change of venue.
With reference to the motion to dismiss, the court will now consider grounds Nos. 1 and 2 set forth in the notice of motion.
Subdivision 2 of section 220 of the Labor Law provides: "Each contract to which * * * a municipal corporation * * * is a party and which may involve the employment of laborers, workmen or mechanics shall contain a stipulation that no laborer, workmen or mechanic in the employ of the contractor, subcontractor or other person doing or contracting to do the whole or part of the work contemplated by the contract shall be permitted or required to work more than eight hours in any one calendar day or more than five days in any one week, except”. (The exceptions are not pertinent to this decision.) (Emphasis supplied.)
Subdivision 2 of section 220 of the Labor Law was last amended by chapter 851 of the Laws of 1947, effective April 14, 1947.
Subdivision 2-a of section 220 reads: "Any person or corporation contracting with * * * a municipal corporation * * * that shall require more than eight hours of work for a day’s labor, unless otherwise permitted by law, is guilty of a misdemeanor, and upon conviction therefore shall be punished by a jfine of not less than ñve hundred dollars nor more than one thousand dollars for each offense” (emphasis supplied).
The clause "unless otherwise permitted by law” is not *573 relevant to this case as same has not been set up as a defense yet, or as a ground for the motion.
The foregoing subdivision was added by the Laws of 1965 (ch 1031, § 138), effective September 1, 1967. It derived from subdivision 1 of section 1271 of the Penal Law of 1909, which was repealed by section 500.05 of the Revised Penal Law of 1965, effective September 1, 1967. In other words, when the Revised Penal Law was adopted, the crime was transferred from the Penal Law to the Labor Law.
Subdivision 7 of section 220 provides that the fiscal officer defined in section 220 (subd 5, par e) may, on his own initiative, and must, on a verified complaint in writing of any person interested cause an investigation to be made to determine, among other things, the hours of labor performed by the workmen, laborers and mechanics employed on such public work. He shall, in such investigation have subpoena power, and act in a judicial capacity. In other words, he shall act as an administrative agency. The fiscal officer must make his determination not later than six months after the filing of the verified complaint.
Section 220 (subd 5, par e) defines fiscal officer as being the State Industrial Commissioner on public work performed by or on behalf of a civil division of the State.
Subdivision 8 of section 220 provides for a hearing on the complaint referred to in subdivision 7 and sets forth the machinery for the conduct of the hearing among other things. It also provides for relief by way of CPLR article 78 hearing for a party aggrieved by the decision or determination.
Subdivision 9 of section 220 provides: "When a final determination has been rendered, any person, or corporation that * * * wilfully employs on such public work, laborers, workmen or mechanics more than the hours per day determined by said order until modified * * * and thereby violates the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be punished, for a first offense by a ñne of ñve hundred dollars or by imprisonment for not more than thirty days, or by both such ñne and imprisonment; for a second offense by a ñne of one thousand dollars, and in addition thereto the contract on which the violation has occured shall be forfeited(Emphasis supplied.)
A comparison of the punishment provided for in subdivision 2-a with the punishment provided for in the above subdivision 9 indicates two different punishments.
*574 Subdivision 2-a makes it a misdemeanor for a person or corporation to do the prohibited act of requiring more than eight hours of work for a day’s labor.
Subdivision 9 makes it a misdemeanor to violate the final order of the fiscal officer after a hearing provided for in subdivision 8, in connection with a complaint filed pursuant to subdivision 7 if no article 78 proceeding is instituted, or the final order of the court in an article 78 proceeding.
This court finds that there are two separate crimes provided for in section 220. One is defined by subdivision 2-a, the other by subdivision 9. The crime described in subdivision 9 requires an administrative agency proceeding first. The crime described in subdivision 2-a does not.
The defendants’ motion to dismiss with respect to grounds Nos. 1 and 2 is hereby denied.
With respect to ground No. 3, the accusatory instruments meet all the requirements of misdemeanor complaints as prescribed by the various sections of the CPL, and are sufficient to commence the criminal actions. Whether they are sufficient as informations need not be determined at this time. At any event, no arguments have been advanced in the moving affidavit nor in the defendants’ memorandum, attempting to show that the accusatory instruments are in any way deficient under the CPL.
The last and final ground of the motion to dismiss is No. 4.
The fact that the complaining witness is not a resident of the Town of Amherst does not prevent him from filing an accusatory instrument alleging the commission of a crime in the Town of Amherst.
Paragraph 16 of the moving affidavit alleges that section 223 of the Labor Law gives exclusive enforcement of Article 8 of the Labor Law (in which article section 220 is contained) to the fiscal officer.
Section 223 provides that if the fiscal officer (Industrial Commissioner) finds that one contracting with a municipal corporation for performance of public work, fails to comply with or evades the provisions of this article (article 8), he shall present evidence of same to the officer, department, board or commission having charge of such work for enforcement. It then becomes the duty of the officer, department, board or commission in charge to enforce the provisions of this article.
By virtue of section 223, a duty is imposed upon the officer, *575 department, board or commission in charge of the construction for public work contracts to enforce the provisions of article 8.
One of the methods of enforcement is to terminate the contract for a breach thereof, another, is to withhold payment where insufficient wages have been paid (§ 220-b), another is to commence a criminal prosecution.
Withholding of payment and revocation of the contract rests with members of the class described in section 223 by the very nature of the action to be taken. A private citizen can’t withhold payment due from the municipal corporation, nor can a private citizen terminate the contract on behalf of the municipal corporation.
However, a private citizen can by the very nature of the act file an accusatory instrument charging a crime.
Nowhere in section 223 does it state specifically, nor intimate that members of the class described therein have the sole and exclusive right to enforce article 8.
As stated above, certain methods of enforcement can only be enforced by members of the class — but only because of the nature of the type of enforcement, not because the statute gives them exclusive authority.
This court finds that the complaining witness, herein, Leo. A. Hopkins, as a private citizen has a right to file an accusatory instrument charging a violation of section 220 of the Labor Law.
Therefore, the motions of defendants to dismiss, with respect to ground No. 4 is denied.
Although not set forth as a ground for dismissal in the notice of motion, the moving affidavit alleges that 75% of the financing of the public work covered by the contract is supplied by the Federal Government and that Federal Law shall govern. What the phrase "and that Federal Law shall govern” means is not explained in the moving affidavit.
The moving affidavit further alleges that the constitutionality of section 220 is presently being considered in the United States District Court for the Western District of New York; as a result of "legal papers submitted in regard to the contract which Firelands has with the Town of Amherst, which is also the basis for the present complaints.”
The notice of motion, however, does not attack the constitutionality of section 220 as it applies to the contracts in *576 question, so this court will not address itself to such question, and the presumption of constitutionality prevails.
The motions of the defendants are denied in their entirety. The defendants shall present themselves for arraignment on April 5, 1976 at 8:00 p.m.